UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARTHUR LAMAR BROWN,

                      Plaintiff,

      -against-

KINGS COUNTY DA, *et al.*,

                      Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22 CV 688 (DG) (CLP)

**POLLAK**, United States Magistrate Judge:

       Plaintiff Arthur Lamar Brown ("plaintiff"), proceeding *pro se*, commenced this action pursuant to 48 U.S.C. § 1983 ("Section 1983") against defendant State of New York ("the State"), and others. (See Third Amended Complaint ("TAC") (ECF Nos. 50–51) ¶ 17).[1] Currently pending before this Court is the State's motion to dismiss plaintiff's complaint on state sovereign immunity grounds (the "Motion") (ECF No. 54). For the reasons set forth below, it is respectfully recommended that the district court GRANT the Motion and dismiss with prejudice plaintiff's claims against the State on state sovereign immunity grounds.

## BACKGROUND

       Alleging violations of his Fourth, Eighth, Thirteenth, and Fourteenth Amendment rights, plaintiff commenced this action pursuant to Section 1983. (See TAC Pt. 1 ¶ 17). Plaintiff claims that the State, represented by the Kings County District Attorney's Office, maliciously prosecuted him without "probable or justifiable cause" over the course of forty-three months. (Id. ¶¶ 5, 25). Plaintiff further claims that the State failed to supervise prosecutors and judges,

---

[1] On November 20, 2023, the Court granted plaintiff leave *nunc pro tunc* to file a revised amended complaint (ECF No. 50), and a supplement to the revised amended complaint (ECF No. 51), which the Court construed collectively as the "Third Amended Complaint." (ECF No. 53 at 2). For citation purposes, moving forward the Court will refer to ECF No. 50 as "TAC Pt. 1" and ECF No. 51 as "TAC Pt. 2." Additionally, plaintiff filed an "addendum" with part one of the Third Amended Complaint. (See ECF No. 50 at p. 135–182). The Court will refer to that document as the "Addendum to the Third Amended Complaint" or "TAC Add.".

and that its policymakers "negligently failed to . . . restrain themselves . . . from depriving plaintiff of his fundamental inalienable rights . . ." as guaranteed by the U.S. Constitution. (TAC Add. ¶¶ 68–80, 83).

On November 21, 2023, the State submitted a request for a premotion conference in anticipation of filing a motion to dismiss plaintiff's complaint on Eleventh Amendment state sovereign immunity grounds. (ECF No. 54). On December 7, 2023, this Court denied the State's request insofar as it sought a premotion conference and instead construed the request as a motion to dismiss on state sovereign immunity grounds. (ECF No. 56 at 2). This Court directed plaintiff to respond to the State's motion to dismiss by January 22, 2024, and allowed the State to file a reply by January 31, 2024. (Id.) Plaintiff subsequently filed a response dated January 16, 2024 (Pl.'s Ltr. (ECF No. 62)), and the State filed a reply on January 31, 2024 (State's Reply (ECF No. 63)).

## DISCUSSION

I. Legal Standard

State sovereign immunity is grounded in the Eleventh Amendment of the U.S. Constitution, which "precludes federal courts 'from hearing suits at law or in equity against a State brought by citizens of that State or another,' barring 'proper Congressional abrogation or State waiver.'" Hirsch v. Wade, No. 21 CV 4147, 2023 WL 112801, at *4 (E.D.N.Y. Jan. 5, 2023) (quoting Vega v. Semple, 963 F.3d 259, 281 (2d Cir. 2020)). Suspension of state sovereign immunity—either through a state's waiver or congressional abrogation—must be expressed unequivocally. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Therefore, to overcome a state's motion to dismiss on state sovereign immunity grounds, a plaintiff must demonstrate an unequivocal expression of (1) a state's waiver of sovereign immunity, or (2) congressional abrogation of sovereign immunity. Id.

2

In considering the State's Motion, the Court is mindful of the fact that plaintiff is proceeding *pro se*, and that his pleadings and submissions therefore "must be construed liberally and interpreted to raise the strongest arguments that they suggest." McDonald v. Esposito, No. 20 CV 828, 2021 WL 1062259, at *2 (E.D.N.Y. Mar. 18, 2021) (quoting Meadows v. United Servs., Inc., 963 F.3d 240, 243 (2d Cir. 2020)).  Still, a *pro se* plaintiff must satisfy the basic pleading requirements, including with respect to jurisdiction. See Amissah v. Wells Fargo, No. 19 CV 4624, 2020 WL 868599, at *2 (stating that even in the context of a *pro se* plaintiff, "an action will survive only if the law recognizes the claims, and if the complaint pleads enough facts to state a claim to relief that is plausible on its face").

II.   Analysis

The State argues that plaintiff's claims are "facially barred," as the State has not waived its Eleventh Amendment sovereign immunity, nor did Congress abrogate it in passing Section 1983.  (Mot. at 3).  The State cites caselaw reiterating the legal standard for state sovereign immunity and in support of its claim that Section 1983 does not abrogate state sovereign immunity.  (Id. (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. at 100–01, 120; Alabama v. Pugh, 438 U.S. 781 (1978); Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009); Close v. New York, 125 F.3d 31, 39 (2d. Cir. 1997); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Quern v. Jordan, 440 U.S. 332 (1979))).  Plaintiff raises four arguments in opposition to the State's Motion.  The Court addresses each in turn.

First, plaintiff argues that the Eleventh Amendment, on its face, does not prohibit an individual from suing a state of which he is a citizen. (Pl.'s Ltr. at 2).  Plaintiff emphasizes that the Eleventh Amendment's language only expressly prohibits suits against states by "Citizens of *another* State, or by Citizens or Subjects of any *Foreign* State." (Id. at 3 (emphasis added) (citing U.S. Const. amend. XI)).  Thus, he argues that in the absence of an explicit restriction in

3

the Eleventh Amendment, Article III, Section 2 of the U.S. Constitution extends federal question jurisdiction to suits by parties against states of which they are citizens. (Id. at 3–4 (citing U.S. Const. art. III, § 2, cl. 1)).

While plaintiff is correct that the Eleventh Amendment, on its face, is silent as to whether an individual may sue a state of which he is a citizen, the Supreme Court addressed this omission more than 130 years ago in Hans v. Louisiana, 134 U.S. 1 (1890). There, the plaintiff proposed the same interpretation of the Eleventh Amendment which plaintiff advances in the instant case. Id. at 10. The Supreme Court held that the Eleventh Amendment, although silent as to the issue, does not permit individuals to sue the state of which they are a citizen. Id. at 18–19. More recently, the Supreme Court affirmed this interpretation, noting that "[t]he Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle; it follows that the scope of the States' immunity from suit is demarcated not by the text of the Amendment alone but by fundamental postulates implicit in the constitutional design." Alden v. Maine, 527 U.S. 706, 728–29 (1999). In short, the Supreme Court has repeatedly held that the Eleventh Amendment guarantees sovereign immunity to the states, even in suits brought by their own citizens. The Supreme Court's precedent is binding,[2] and, consequently, this Court cannot recognize or apply plaintiff's conflicting interpretation of the Eleventh Amendment.

Second, plaintiff argues that the Second Circuit and Supreme Court caselaw that the State provides in support of its Motion is not binding, as the decisions cited wrongly presuppose that states can invoke sovereign immunity under the Eleventh Amendment even in suits brought by

---

[2] The Supreme Court's interpretation of the U.S. Constitution is binding on all other federal and state courts. See Marbury v. Madison, 1 Cranch 137, 177 (1803) (stating that "it is emphatically the province and duty of the judicial department to say what the law is"); see also Cooper v. Aaron, 358 U.S. 1, 18 (1958) (stating that Marbury v. Madison "declared the basic principle that the federal judiciary is supreme in the exposition of the law of the Constitution[]").

4

their own citizens. (Pl.'s Ltr. at 6). While these decisions may conflict with plaintiff's interpretation of the Eleventh Amendment, they simply apply the Amendment's settled meaning as dictated by the Supreme Court in <u>Hans v. Louisiana</u> and subsequent decisions regarding state sovereign immunity. 134 U.S. at 18–19. The Second Circuit and Supreme Court caselaw that the State cites is binding,[3] and this Court, as a rule, must follow it.

Third, plaintiff argues that the State waived its sovereign immunity by ratifying the articles and amendments of the U.S. Constitution, which, consistent with his interpretation of the Eleventh Amendment, extend federal question jurisdiction to suits against states brought by their own citizens. (Pl.'s Ltr. at 4). As noted above, plaintiff's interpretation of the Eleventh Amendment has been rejected by the Supreme Court, and a state's waiver of sovereign immunity must be a "'clear declaration' that it intends to submit itself to [federal] jurisdiction." <u>College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.</u>, 527 U.S. 666, 676 (1999) (quoting <u>Great N. Life Ins. Co. v. Read</u>, 322 U.S. 47, 52 (1944)). The State's ratification of the articles and amendments to the Constitution does not constitute a "clear declaration" of its waiver of sovereign immunity, and this Court cannot construe it as such.

Lastly, plaintiff argues that by proposing the articles[4] and amendments of the U.S. Constitution, Congress abrogated sovereign immunity in *all* cases against states brought by their own citizens if they arise under federal question jurisdiction. (Pl.'s Ltr. at 5). By this reasoning, plaintiff considers it irrelevant that his claim arises under Section 1983 and therefore rejects the

---

[3] The United States District Court for the Eastern District of New York is bound not only by Supreme Court precedent, but also by Second Circuit precedent. <u>Monsanto v. U.S.</u>, 348 F.3d 345, 351 (2d Cir. 2003) (citing <u>United States v. Moore</u>, 949 F.2d 68, 71 (2d Cir. 1991)); <u>see also Campbell v. Lago Petroleum Corporation</u>, 16 F. Supp. 980, 982 (E.D.N.Y. 1936) (stating that a rule expressed by the Second Circuit is binding on the United States District Court for the Eastern District of New York).

[4] Articles I-VII of the Constitution were proposed by the states' delegates at the Constitutional Convention, not Congress, which did not exist at the time. This error is noted for the sake of accuracy, but it is inconsequential to this Court's recommendation.

caselaw cited by the State, which holds that federal courts cannot grant relief for claims brought against the states under Section 1983. (Id. at 7; see also Mot. at 3 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. at 120)). Again, however, plaintiff's argument relies on his view that the Eleventh Amendment does not bar suits against states brought by their own citizens. As explained, *supra*, contrary to plaintiff's arguments here, the Supreme Court and courts in the Second Circuit have consistently held that the doctrine of sovereign immunity prevents suit against the states brought by their own citizens, whether brought under Section 1983 or otherwise. The Court is bound by those decisions and cannot adopt plaintiff's interpretation to the contrary.

In short, this Court must evaluate the State's Motion within the confines of binding Second Circuit and Supreme Court caselaw. For the reasons noted above, the Court presumes that "[t]he Eleventh Amendment precludes federal courts 'from hearing suits at law or in equity against a State brought by citizens of that State or another'" absent a showing of "proper Congressional abrogation or State waiver," which must be expressed unequivocally. Hirsch v. Wade, 2023 WL at 112801, *4 (quoting Vega v. Semple, 963 F.3d at 281); accord Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. at 99. Plaintiff has not sufficiently demonstrated an unequivocal expression of the State's waiver or congressional abrogation of state sovereign immunity with respect to the claims he brings. Further, and as argued by the State, the Supreme Court has specifically held that the Eleventh Amendment bars federal courts from granting relief on Section 1983 constitutional claims brought directly against a state, even when those claims are brought by a citizen of that state. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. at 120 (citing Alabama v. Pugh, 438 U.S. 781). Accordingly, the Court finds that the Eleventh Amendment bars plaintiff's claims against the State.

6

CONCLUSION

In light of the above, the Court respectfully recommends that the district court GRANT the State's Motion to dismiss plaintiff's claims with prejudice on state sovereign immunity grounds.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
       June 12, 2024

_Cheryl L. Pollak_
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York