UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Arthur Lamar Brown,

                        Plaintiff,               **MEMORANDUM & ORDER**
                                                                           22-CV-00688 (DG) (CLP)
    -against-

City of New York, *et al.*,

                        Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On June 12, 2024, Magistrate Judge Cheryl L. Pollak issued a Report and Recommendation ("R&R") recommending that the letter filed at ECF No. 54 by Defendant the State of New York (the "State") – which Judge Pollak construed as a motion to dismiss Plaintiff's claims against the State on state sovereign immunity grounds – be granted and that Plaintiff's claims against the State be dismissed with prejudice on state sovereign immunity grounds.  *See* R&R at 1-2, ECF No. 78.[1]

       *Pro se* Plaintiff thereafter filed a letter objecting to the R&R.  *See* Objection Letter, ECF No. 79.  In the Objection Letter, Plaintiff states, *inter alia*: "I hereby formally Object to the Report and Recommendation (ECF No. 78) dated June 12, 2024, and reserve my right to Appeal any adverse District Court Orders and/or Decisions that result therefrom."  *See* Objection Letter at 1.

       The State did not file any objections to the R&R or any response to Plaintiff's Objection Letter.  *See generally* docket.

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiff's Objection Letter and out of an abundance of caution, the Court reviews *de novo* the entirety of the R&R.  A review of the R&R, the record, and the applicable law reveals that Judge Pollak properly concluded that the motion to dismiss, ECF No. 54, should be granted on state sovereign immunity grounds and that Plaintiff's claims against the State should be dismissed.[2]  The Court adopts the R&R, as modified to reflect that dismissal of

---

[2] In the Objection Letter, Plaintiff represents that he "ha[s] been unable to do any legal research on any of the cases cited in the Report and Recommendation, or the proper format for filing an objection" because his "requests to attend the Law Library" have been ignored.  *See* Objection Letter at 2.  Plaintiff does not, however, request additional time – nor, in any event, would additional time be availing because, as thoroughly explained in the R&R, *see* R&R at 2-6, Plaintiff's claims against the State must fail on state sovereign immunity grounds.

Plaintiff's claims against the State is without prejudice to Plaintiff seeking any appropriate relief in state court.

* * *

The motion to dismiss, ECF No. 54, is GRANTED and Plaintiff's claims against the State are dismissed without prejudice to Plaintiff seeking any appropriate relief in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: August 5, 2024
Brooklyn, New York

3